**MOUND COTTON WOLLAN & GREENGRASS LLP**
Lloyd Gura
Costantino Suriano
Benjamin R. Messing (pending admission *pro hac vice*)
One New York Plaza
New York, NY 10004
Tel: (212) 804-4282
Fax: (212) 344-8066
lgura@moundcotton.com
csuriano@moundcotton.com
bmessing@moundcotton.com
*Attorneys for Defendants*
*Westchester Surplus Lines Insurance Company*
*AXIS Surplus Insurance Company*
*Arch Specialty Insurance Company*

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CBB VENTURE, LLC<br><br>                    Plaintiffs,<br><br>v.<br><br>WESTCHESTER SURPLUS LINES INSURANCE COMPANY, AXIS SURPLUS INSURANCE COMPANY, and ARCH SPECIALTY INSURANCE COMPANY,<br><br>                    Defendants. | Civil Action No. _____<br><br>**NOTICE OF REMOVAL**<br><br>Document Electronically Filed |

**TO:   THE HONORABLE JUDGES OF THE**
**       UNITED STATES DISTRICT COURT**
**       FOR THE EASTERN DISTRICT OF NEW YORK**

**PLEASE TAKE NOTICE** that Defendants Westchester Surplus Lines Insurance Company, AXIS Surplus Insurance Company and Arch Specialty Insurnce Company by and through their counsel, Mound Cotton Wollan & Greengrass, LLP, respectfully request that this action, captioned as *CBB Venture, LLC v. Westchester Surplus Lines Insurance Company, et. al.*, Index No. 534252/2024, be removed from the Supreme Court of New York, County of Kings, to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 based on this Court's diversity

jurisdiction. In support of this Notice of Removal, Defendants states upon information and belief as follows:

## I.   NOTICE OF REMOVAL IS TIMELY FILED

1. On December 16, 2024, Plaintiff CBB Venture LLC ("Plaintiff") filed suit against Defendants Westchester Surplus Lines Insurance Company ("Westchester"), AXIS Surplus Insurance Company ("AXIS"), and Arch Specialty Insurnce Company ("Arch") (collectively "Defendants") in the Supreme Court of the State of New York, County of Kings, under Index No. 534252/2024 (the "State Court Action").

2. A copy of Plaintiff's Summons and Complaint, together with a copy of all process, pleadings, and orders served upon the Defendants in the State Court Action, as required by 28 U.S.C. § 1446(a), is attached as Exhibit A.

3. On February 28, 2025, each of the Defendants were served with a copy of the Summons and Complaint via substituted service of process on the Superintendent of the New York State Department of Financial Services. *See* Ex. A.

4. On or about March 6, 2025, Westchester received via mail the Summons and Complaint served on Superintendent of the New York State Department of Financial Services.

5. On or about March 4, 2025, Arch received via mail the Summons and Complaint served on Superintendent of the New York State Department of Financial Services.

6. Defendants timely filed this Notice of Removal within thirty (30) days of service of the State Court Action. *See* § 1446(b)(1).

## II.   THE NAMED PARTIES

7. Upon information and belief, CBB Venture LLC is a Delaware limited liability company, which conducts business in the State of New York. *See* Ex. A, Compl. at ¶1.

2

8. Defendant Westchester is incorporated under the laws of the State of Georgia and maintains its principal place of business at 436 Walnut Street, Philadelphia, Pennsylvania 19106.

9. Defendant AXIS is incorporated under the laws of the State of Illinois and maintains its principal place of business at 10000 Avalon Boulevard, Suite 200, Alpharetta, GA 30009.

10. Defendant Arch is incorporated under the laws of the State of Missouri and maintains its principal place of business at Harborside 3, 210 Hudson Street, Suite 600, Jersey City, NJ 07311.

### III. FACTUAL BACKGROUND

11. According to the Complaint, Plaintiff is the owner of the property located at 8973 Bay Parkway, Brooklyn, New York. *See* Ex. A, Compl. at ¶14.

12. Westchester issued to Plaintiff a surplus lines commercial property insurance policy number D37401882 011, insuring a 50% quota share of the property located at 8973 Bay Parkway, Brooklyn, New York, effective October 10, 2022 to October 18, 2023, subject to all of the terms, conditions, limitations, and exclusions contained therein ("Westchester Policy"). *See* Ex. A, Compl. at ¶17.

13. AXIS issued to Plaintiff a surplus lines commercial property insurance policy number EAF663675-22, insuring a 25% quota share of the property located at 8973 Bay Parkway, Brooklyn, New York, effective October 10, 2022 to October 18, 2023, subject to all of the terms, conditions, limitations, and exclusions contained therein ("AXIS Policy"). *See* Ex. A, Compl. at ¶17.

14. Arch issued to Plaintiff a surplus lines commercial property insurance policy number ESP1015899-00, insuring a 25% quota share of the property located at 8973 Bay Parkway,

Brooklyn, New York, effective October 10, 2022 to October 18, 2023, subject to all of the terms, conditions, limitations, and exclusions contained therein ("Arch Policy"). *See* Ex. A, Compl. at ¶17.

15. The Westchester Policy, AXIS Policy and Arch Policy are hereafter collectively referred to as the "Policies."

16. According to the Complaint, on or about January 18, 2023, Plaintiff alleges that it sustained a covered loss under the Policies. *See* Ex. A, Compl. at ¶¶18.

17. According to the Complaint, Plaintiff alleges that after the loss occurred, the Plaintiff submitted a claim to the Defendants. *See* Ex. A, Compl. at ¶¶19.

18. According to the Complaint, Plaintiff alleges that the Defendants failed and refused to indemnify the Plaintiff for its losses. *See* Ex. A, Compl. at ¶¶21.

### III. THIS COURT HAS JURISDICTION OVER THIS MATTER

19. The State Court Action is a civil action within the meaning of 28 U.S.C. §§ 1441(a) and 1446(b).

20. This Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1332(a) because there may be complete diversity of citizenship between all properly joined parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. Therefore, this action is removable under 28 U.S.C. § 1441(a).

#### A. COMPLETE DIVERSITY OF CITIZENSHIP

21. The Complaint does not plead the place(s) of citizenship of the members of CBB Venture LLC, beyond asserting that the Plaintiff is a Delaware limited liability company, which conducts business in the State of New York. *See* Ex. A, Compl. at ¶1.

22. Pursuant to Local Rule 81.1, after a reasonable investigation of the publicly available Delaware corporate records, Defendants are unable to determine who are the members of CBB Venture LLC. *See* CBB Venture LLC formation document, attached as Exhibit B.

23. Westchester is incorporated under the laws of the State of Georgia and maintains its principal place of business in Pennsylvania. As such, Westchester is a citizen of Georgia and Pennsylvania for purposes of determining diversity under 28 U.S.C § 1332(c)(1).

24. AXIS is incorporated under the laws of the State of Illinois and maintains its principal place of business in Georgia. As such, AXIS is a citizen of Illinois and Georgia for purposes of determining diversity under 28 U.S.C § 1332(c)(1).

25. Arch is incorporated under the laws of the State of Missouri and maintains its principal place of business in New Jersey. As such, Arch is a citizen of Missouri and New Jersey for purposes of determining diversity under 28 U.S.C § 1332(c)(1).

26. Complete diversity of the parties under 28 U.S.C § 1332(a) would exist if the Plaintiff (a Delaware limited liability company) did not have any members who are citizens of the States of Illinois, Georgia, Missouri, New Jersey and Pennsylvania.

27. It is respectfully submitted that it is within this Court's discretion to permit limited jurisdictional discovery to determine the citizenship of the members of a limited liability company. *See Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 617–18 (2d Cir. 2019).

28. To confirm that removal is appropriate pursuant to 28 U.S.C. § 1441(a), it is respectfully requested that this Honorable Court permit limited jurisdictional discovery be conducted to determine the citizenship of the members of CBB Venture LLC.

**B.     AMOUNT IN CONTROVERSY EXCEEDS $75,000**

29. Plaintiff's Complaint alleges a single cause of action for breach of contract against Defendants in connection with Plaintiffs' insurance claim.

30. According to the Complaint, Plaintiff alleges damages from Defendants in excess of $3,000,000 which satisfies the amount in controversy requirement of 28 U.S.C § 1332(a) as the amount in controversy in this action exceeds $75,000, exclusive of interest and costs. *See* Ex. A, Compl. at ¶¶23.

### IV.  VENUE IS APPROPRIATE

31. The Supreme Court of New York, County of Kings, is located within the United States District Court for the Eastern District of New York. Therefore, venue in this Court is proper because it is the "district court of the United States for the district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

### V.  DEFENDANT PROVIDED APPROPRIATE NOTICE

32. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal is being filed via e-courts with the Clerk of the Supreme Court of New York, County of Kings, in the State Action, and is being served upon counsel of record for Plaintiff.

33. By filing this Notice of Removal, Defendants do not waive any defects in service of process, venue, or personal jurisdiction, nor do they waive any other defenses available to them under applicable state law and/or the Federal Rules of Civil Procedure.

Dated: March 28, 2025

Respectfully submitted,

MOUND COTTON WOLLAN & GREENGRASS LLP

By:_____
Lloyd Gura
Costantino Suriano
Benjamin R. Messing (pending admission *pro hac vice*)
One New York Plaza
New York, NY 10004
Tel: (212) 804-4282
Fax: (212) 344-8066
lgura@moundcotton.com
bmessing@moundcotton.com
*Attorneys for Defendants*
lgura@moundcotton.com
csuriano@moundcotton.com
bmessing@moundcotton.com
*Attorneys for Defendants*
*Westchester Surplus Lines Insurance Company*
*AXIS Surplus Insurance Company*
*Arch Specialty Insurance Company*